UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :

   - v. -                                      :

CRAIG CARTON and                            :
MICHAEL WRIGHT,
                                            :

      Defendants.                          :

- - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 0 2 2017

**INDICTMENT**

**17 CRIM 680**

## COUNT ONE
### (Conspiracy to Commit Wire Fraud and Securities Fraud)

The Grand Jury charges:

### Relevant Persons and Entities

1.   At all times relevant to this Indictment, CRAIG CARTON, the defendant, worked as a radio host in New York, New York.

2.   At all times relevant to this Indictment, MICHAEL WRIGHT, the defendant, was an associate of CRAIG CARTON, the defendant, who worked in New York, New York.

3.   In or about April 2016, CRAIG CARTON and MICHAEL WRIGHT, the defendants, established an entity purporting to be in the business of reselling tickets to live events at a profit ("CARTON-WRIGHT Entity-1").

4.   In or about September 2016, CRAIG CARTON and MICHAEL WRIGHT, the defendants, established another entity ("CARTON-WRIGHT Entity-2").

Judge McMahon

5.    In or about December 2016, CRAIG CARTON, the defendant, established another company purporting to be in the business of purchasing tickets to live events and reselling those tickets at a profit (the "CARTON Entity").  In or about September 2016, MICHAEL WRIGHT, the defendant, described himself to a potential investor as the "CFO" of the parent company of the CARTON Entity.

6.    At all times relevant to this Indictment, a co-conspirator not named as a defendant herein ("CC-1") was an associate of CRAIG CARTON and MICHAEL WRIGHT, the defendants.

7.    CC-1 also operated an entity purporting to be in the business of purchasing tickets to live events and reselling those tickets at a profit (the "CC-1 Entity").

8.    At all times relevant to this Indictment, the "Concert Promotion Company" was a company based in Los Angeles, California, and among other things, promoted live music and entertainment events.

9.    At all times relevant to this Indictment, the "Sports and Entertainment Company" was a New York-based company that operated two arenas in the New York metropolitan area.

10.    At all times relevant to this Indictment, the "Hedge Fund" was a global investment management firm based in New York,

2

New York.

## The Scheme to Defraud

11. From at least in or about August 2016 through in or about August 2017, CRAIG CARTON and MICHAEL WRIGHT, the defendants, along with CC-1, worked together to solicit individuals and entities to invest in and finance the bulk purchase of tickets to live events, which would be re-sold at a profit on the secondary market. After receiving investor funds based on misrepresentations, CARTON, WRIGHT, and CC-1 misappropriated those investor funds, using them to, among other things, pay personal debts and repay prior investors as part of a Ponzi-like scheme.

12. For example, in or about December 2016, based on representations by CRAIG CARTON, the defendant, and CC-1, the Hedge Fund invested approximately $4.6 million with the understanding that the money would be used to finance the purchase of tickets to events promoted by the Concert Promotion Company and the Sports and Entertainment Company and that the tickets would then be re-sold in the secondary market. Instead, however, CARTON, CC-1 and MICHAEL WRIGHT, the defendant, misappropriated the Hedge Fund's investment. At least $1.6 million of the Hedge Fund's investment was used to pay back, in a Ponzi-like manner, individuals who had previously invested in ticket-related investments; approximately

3

one million dollars was sent to casinos; and an additional approximately $1.19 million was wired to other individuals to whom CARTON and/or WRIGHT owed money, including over $600,000 to an individual who had provided CARTON, via WRIGHT, with a gambling-related loan.

## The Conspiracy

13.   From at least in or about August 2016 through at least in or about August 2017, in the Southern District of New York and elsewhere, CRAIG CARTON and MICHAEL WRIGHT, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343, and securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

## Objects of the Conspiracy

14.   It was a part and an object of the conspiracy that CRAIG CARTON and MICHAEL WRIGHT, the defendants, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses,

4

representations, and promises, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

15.   It was further a part and object of the conspiracy that CRAIG CARTON and MICHAEL WRIGHT, the defendants, and others known and unknown, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

## Overt Acts

16.   In furtherance of the conspiracy and to effect the illegal objects thereof, CRAIG CARTON and MICHAEL WRIGHT, the defendants, and their co-conspirators, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.   In or about early December 2016, CARTON, WRIGHT, and CC-1 communicated with each other regarding a potential agreement between CARTON and the Hedge Fund, relating to the purchase of tickets to live events.

b.   On or about December 8, 2016, CARTON entered into an agreement with the Hedge Fund, under which the Hedge Fund agreed to finance the CARTON Entity's purchase of tickets to live events, so those tickets could be resold in the secondary market.  That same day, the Hedge Fund wired $700,000 to the CC-1 Entity.  CC-1 then caused the wiring of those funds to a bank account for CARTON-WRIGHT Entity-2 (the "CARTON-WRIGHT Entity-2 Account").

c.   On or about December 12, 2016, WRIGHT authorized the wiring of $200,000 from the CARTON-WRIGHT Entity-2 Account to CARTON and $500,000 from the CARTON-WRIGHT Entity-2 Account

to an individual who had previously provided CARTON with a short-term loan.

d.   On or about December 13, 2016, WRIGHT emailed CARTON and CC-1 to advise them of additional debts that would be coming due in the coming days and weeks. CARTON responded stating that he was "trying to bring in $3m this week for [two well-known rock bands]."

e.   On or about December 18, 2016, CARTON emailed the Hedge Fund a purported agreement between the CARTON Entity and the Sports and Entertainment Company, relating to live event tickets.

f.   Thereafter, on or about December 20, 2016, the Hedge Fund wired $2 million to the Sports and Entertainment Company, to finance the purchase of tickets to events.  CARTON, however, told the Sports and Entertainment Company to re-direct the $2 million wire to an account belonging to CARTON-WRIGHT Entity-1 (the "CARTON-WRIGHT Entity-1 Account"), and the Sports and Entertainment Company complied.

g.   On or about December 21, 2016, WRIGHT caused the wiring of $966,000 from the CARTON-WRIGHT Entity-1 Account to an account he controlled.

h.    In or about the spring of 2016, CARTON made
additional misrepresentations to the Hedge Fund regarding the
status of its investment.

(Title 18, United States Code, Section 371.)

### COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

17.   The allegations set forth in paragraphs 1 through 12 and
16 of this Indictment are realleged and incorporated by reference
as if fully set forth herein.

18.   From at least in or about August 2016 through at least
in or about August 2017, in the Southern District of New York
and elsewhere, CRAIG CARTON and MICHAEL WRIGHT, the defendants,
willfully and knowingly, having devised and intending to devise
a scheme and artifice to defraud, and for obtaining money and
property by means of false and fraudulent pretenses,
representations, and promises, transmitted and caused to be
transmitted by means of wire communication in interstate and
foreign commerce, writings, signs, signals, pictures and sounds
for the purpose of executing such scheme and artifice, to wit,
CARTON and WRIGHT solicited and then misappropriated millions of
dollars from investors, through the use of e-mail messages,
telephone calls, and wire transfers, by making false and

misleading representations regarding how the investors' funds would be used and regarding agreements relating to the purchase of blocks of tickets to live events, and aided and abetted the same.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THREE
### (Securities Fraud)

The Grand Jury further charges:

19.    The allegations set forth in paragraphs 1 through 12 and 16 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

20.    From at least in or about August 2016 through at least in or about August 2017, in the Southern District of New York and elsewhere, CRAIG CARTON and MICHAEL WRIGHT, the defendants, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, used and employed, and caused others to use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing, and causing others to employ, devices, schemes, and artifices to defraud; (b) making, and causing others to make, untrue statements

9

of material fact and omitting to state, and causing others to omit

to state, material facts necessary in order to make the statements

made, in the light of the circumstances under which they were made,

not misleading; and (c) engaging, and causing others to engage, in

acts, practices, and courses of business which operated and would

operate as a fraud and deceit upon persons, to wit, CARTON and

WRIGHT solicited investments in ventures related to the purchase

and re-sale of tickets to live events through materially false

misrepresentations and then misappropriated investor funds for

their own use and the use of others, and aided and abetted the

same.

(Title 15, United States Code, Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5; and
Title 18, United States Code, Section 2.)

**FORFEITURE ALLEGATION**

21.   As a result of committing the offenses alleged in

Counts One through Three of this Indictment, CRAIG CARTON and

MICHAEL WRIGHT, the defendants, shall forfeit to the United

States, pursuant to Title 18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code, Section 2461(c),

any and all property, real and personal, that constitutes or is

derived from proceeds traceable to the commission of said

offenses, including but not limited to a sum of money in United

10

States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Asset Provision

22. If any of the above described forfeitable property, as a result of any act or omission of the defendants:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third person;

        c.    has been placed beyond the jurisdiction of the Court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

        (Title 18, United States Code, Section 981,
        Title 21, United States Code, Section 853(p), and
        Title 28, United States Code, Section 2461(c).)

_Barbara Inshan-Bermuder_

FOREPERSON

_November 2nd, 2017_

_Joon H. Kim_

JOON H. KIM
Acting United States Attorney

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

CRAIG CARTON and
MICHAEL WRIGHT,

Defendants.

### INDICTMENT

17 Cr. _____  (___)

(Title 18, United States Code, Sections
371, 1343 & 2; Title 15, United States
Code, Sections 78j(b) & 78ff; and Title
17, Code of Federal Regulations,
Section 240.10b-5.)

JOON H. KIM
Acting United States Attorney.

**A TRUE BILL**

Foreperson.

*Bibi Inslan-Bermudez*

*November 2, 2017*

*11/2/17 FW Ind This Case is Assigned to Judge McMahon for All purposes. Mag Judge Moses*