```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                          17 CR 680 (CM)

MICHAEL WRIGHT,

               Defendant.

------------------------------x
                                      New York, N.Y.
                                      September 27, 2018
                                      3:00 p.m.

Before:

               HON. STEWART D. AARON,

                                      Magistrate Judge

                       APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
BRENDAN QUIGLEY
     Assistant United States Attorney

LAW OFFICES OF ALAN S. FUTERFAS
     Attorneys for Defendant
ALAN S. FUTERFAS
RICHARD F. BRUECKNER
ELLEN RESNICK
```

1           THE DEPUTY CLERK:  In the matter of U.S. v. Michael
2    Wright, Docket No. 17 C R 680, counsel, please state your
3    appearance for the record.
4           MR. QUIGLEY:  Good afternoon.  Brendan Quigley for the
5    United States.
6           MR. FUTERFAS:  Good afternoon.  Alan Futerfas and I'm
7    here with Richard Brueckner and Ellen Resnick for Mr. Wright
8    who is present.
9           THE COURT:  Good afternoon.
10          So I understand that we're here because Mr. Wright
11   wishes to enter a plea with respect to the charges alleged
12   against him in Count Two of the indictment.  Is that correct?
13          MR. FUTERFAS:  Yes, your Honor.
14          THE COURT:  I have before me a form entitled "Consent
15   to Proceed Before a United States Magistrate Judge On a Felony
16   Plea Allocution" that you've signed, Mr. Wright.  The form says
17   that you know that you have the right to have your plea taken
18   by a United States district judge, but you're agreeing to have
19   the plea taken by me, a United States magistrate judge.
20          As a magistrate judge, I have the authority to take
21   your plea with your consent, and you'll still be entitled to
22   all the same rights and protections as if you were before a
23   district judge.  Among other things, if you're found guilty,
24   you'll be sentenced by the district judge.
25          Did you sign this consent form voluntarily?

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  Before you signed the form, did your
3     attorney explain it to you?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Do you wish to proceed with your plea
6     before me?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  So I'm accepting your consent, and I'm
9     noting that by putting my signature at the bottom.

10             So the purpose of this proceeding this afternoon is to
11    make sure you understand your rights, to decide whether you're
12    pleading guilty of your own free will, and to make sure that
13    you're pleading guilty because you are guilty and not for some
14    other reason.  Do you understand?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  I'm now going to ask you certain
17    questions.  It is very important that you answer these
18    questions honestly and completely.  Therefore, if you don't
19    understand any of the questions or if you want time to consult
20    with your attorney, please let me know.  Because it is
21    important that you understand every question before you answer.
22    Okay?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  So what is your full name?

25             THE DEFENDANT:  Michael Alfred Wright.

1           THE COURT:  How old are you?
2           THE DEFENDANT:  42.
3           THE COURT:  Can you read and write in English?
4           THE DEFENDANT:  Yes, sir.
5           THE COURT:  What was the highest grade in school that
6  you completed?
7           THE DEFENDANT:  Bachelor's of college, four years.
8           THE COURT:  Are you currently or have you recently
9  been under the care of a doctor or mental health professional
10 for any reason?
11          (Defendant conferring with his counsel)
12          THE DEFENDANT:  I saw a doctor for a medical
13 condition.  A issue in my leg.
14          THE COURT:  An issue with your?
15          THE DEFENDANT:  My leg.
16          THE COURT:  With your leg.  That medical condition
17 doesn't affect your brain at all or your thinking?
18          THE DEFENDANT:  No, it does not, your Honor.
19          THE COURT:  Are you under the influence of any drug or
20 alcohol today?
21          THE DEFENDANT:  No, your Honor.
22          THE COURT:  How are you feeling physically today?
23          THE DEFENDANT:  Well, your Honor.
24          THE COURT:  Have you had sufficient time to discuss
25 the charges against you and your plea with your counsel?

1          THE DEFENDANT:  Yes, your Honor.
2          THE COURT:  Have you been satisfied with the advice
3    that you've been provided by your attorney?
4          THE DEFENDANT:  Yes, your Honor.
5          THE COURT:  Are you ready to enter a plea today?
6          THE DEFENDANT:  Yes, your Honor.
7          THE COURT:  Does either counsel have any objection to
8    the defendant's competence to plead at this time?
9          MR. QUIGLEY:  No, your Honor.
10         MR. FUTERFAS:  No, your Honor.
11         THE COURT:  Very well.  Now, in order to determine
12   whether your plea is voluntary and made with a full
13   understanding of the charges against you and the consequences
14   of your plea, I'm going to be making certain statements to you
15   and I'm going to be asking you certain questions, and I want
16   you to understand that I feed not accept your plea unless I'm
17   satisfied you are in fact guilty and that you fully understand
18   your rights.  Okay?
19         THE DEFENDANT:  Yes, your Honor.
20         THE COURT:  So the plea agreement states that you are
21   going to be plead guilty to Count Two of the indictment.  And
22   let me set forth what Count Two says.
23         Count Two charges you with wire fraud from at least in
24   or about August 2016 through at least in or about August 2017
25   in violation of Title 18, United States Code, Sections 1343 and

1    2.  And carries a maximum sentence of imprisonment of 20 years,
2    a maximum term of supervised release of three years, a maximum
3    fine pursuant to Title 18, United States Code, Section 3571 of
4    the greatest of $250,000, twice the gross pecuniary gain
5    derived from the offense, or twice the gross pecuniary loss to
6    persons other than yourself resulting from the offense.
7             Do you understand that those are the charges that have
8    been lodged against you as well as the maximum and minimum
9    penalties associated with those charges?
10            THE DEFENDANT:  Yes, your Honor.
11            THE COURT:  Do you understand that as part of the
12   plea, you agreed to admit the forfeiture allegation with
13   respect to Count Two of the indictment?
14            THE DEFENDANT:  Yes, your Honor.
15            THE COURT:  And you have agreed to forfeit to the
16   United States a sum of money equal to $346,128.99 in United
17   States currency, representing the amount of proceeds traceable
18   to the commission of the offense that was obtained by you.  Do
19   you understand that?
20            THE DEFENDANT:  Yes, your Honor.
21            THE COURT:  Do you also understand that any forfeiture
22   of your asset shall not be treated as the satisfaction of any
23   fine, restitution, cost of imprisonment, or any other penalty
24   the Court may impose upon you in addition to forfeiture?
25            THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  Do you understand that under your plea
2    agreement, you can be required to pay restitution to victims of
3    your crime in an amount the Court deems appropriate?
4          THE DEFENDANT:  Yes, your Honor.
5          THE COURT:  Finally, I'm required by law to tell you
6    that there is a special assessment or fine of $100 that is
7    required to be imposed on this count.
8          Mr. Wright, what country are you a citizen of?
9          THE DEFENDANT:  United States of America.
10         THE COURT:  You should know that if you're not a
11   citizen of the United States, then your guilty plea may also
12   have adverse consequences for your ability to remain in or
13   return to the United States, including removal, deportation,
14   denial of citizenship, and denial of admission to the United
15   States in the future.  If that were to happen, you would still
16   be bound by your guilty plea, that is, you would not be able to
17   withdraw it regardless of any advice you have received from
18   your counsel or others regarding the immigration consequences
19   of your plea.
20         Now, do you understand the charges against you and the
21   consequences of pleading guilty?
22         THE DEFENDANT:  Yes, your Honor.
23         THE COURT:  Do you understand that in exchange for
24   your plea, the United States attorney's office has agreed not
25   to criminally prosecute you further for the conduct charged in

1    Count Two of the indictment?
2             THE DEFENDANT:  Yes, your Honor.
3             THE COURT:  Do you understand that the United States
4    attorney cannot make any promises to you concerning criminal
5    tax violations?
6             THE DEFENDANT:  Yes, your Honor.
7             THE COURT:  Do you understand that in exchange for
8    your plea, the agreement does not bar the use of your conduct
9    as a predicate act or as the basis for a sentencing enhancement
10   in a subsequent prosecution?
11            THE DEFENDANT:  Yes, your Honor.
12            THE COURT:  Do you agree that with respect to any and
13   all dismissed charges, you are not a prevailing party within
14   the meaning of what's called the Hyde Amendment, and you will
15   not file any claim under that law?
16            THE DEFENDANT:  Yes, your Honor.
17            THE COURT:  Do you understand you have the right to
18   plead not guilty and the right to a trial on the charges
19   against you, and, in fact, a trial by jury?
20            THE DEFENDANT:  Yes, your Honor.
21            THE COURT:  Now, I'm going to ask the assistant United
22   States attorney to state the elements of the crime charged.
23   You should understand that the elements are the things that the
24   government would have to prove beyond a reasonable doubt if you
25   were to go to trial.

1             MR. QUIGLEY:  Thank you, your Honor.

2             There are three elements to this offense:  First, that
3    there was a scheme to defraud or obtain money or property by
4    materially false or fraudulent pretenses, representations or
5    promises.  Second, that the defendant knowingly and willfully
6    participated in a scheme or artifice to defraud with knowledge
7    of its fraudulent nature and with the specific intent to
8    defraud, or, that he knowingly and intentionally aided and
9    abetted others in the scheme.  And third, that in the execution
10   of the scheme, the defendant used or caused the use of
11   interstate wires as specified in the charges.

12            The government would also have to prove venue in the
13   Southern District of New York by a preponderance of the
14   evidence.

15            THE COURT:  So Mr. Wright, do you understand that if
16   you were to plead not guilty and go to trial, the burden would
17   be on the government to prove each and every element of the
18   crime charged, the ones you just heard, beyond a reasonable
19   doubt in order to convict you?

20            THE DEFENDANT:  Yes, your Honor.

21            THE COURT:  Do you understand that at trial, you would
22   be entitled to be represented by an attorney at all stages of
23   the proceeding, and, if necessary, an attorney would be
24   appointed for you?

25            THE DEFENDANT:  Yes, your Honor.

1    THE COURT:  Do you understand that at trial, you would
2 have the right to confront and cross-examine witnesses against
3 you, and the right not to be compelled to incriminate yourself?
4    THE DEFENDANT:  Yes, your Honor.
5    THE COURT:  Do you understand that at trial, you would
6 be presumed innocent until such time, if ever, the government
7 established your guilt by competent evidence to the
8 satisfaction of the trier of fact beyond a reasonable doubt?
9    THE DEFENDANT:  Yes, your Honor.
10   THE COURT:  Do you understand that at trial, you would
11 have the right to testify and also be entitled to compulsory
12 process, in other words, the right to call other witnesses on
13 your behalf?
14   THE DEFENDANT:  Yes, your Honor.
15   THE COURT:  Do you understand if your plea is
16 accepted, then there will be no further trial of any kind, so
17 by pleading guilty you are waiving your right to trial?
18   THE DEFENDANT:  Yes, your Honor.
19   THE COURT:  Now, do you understand that any statements
20 you make here today under oath may be used against you in a
21 prosecution for perjury or for making false statements?
22   THE DEFENDANT:  Yes, your Honor.
23   THE COURT:  Failing to tell the truth today in this
24 proceeding is a crime.  Do you understand that?
25   THE DEFENDANT:  Yes, your Honor.

1           THE COURT:  It occurs to me, Ms. Lopez, we should go
2    back and swear in the witness.
3           THE DEPUTY CLERK:  Please raise your right hand.
4           (Defendant sworn)
5           THE COURT:  Now I want to rewind and ask you all the
6    questions that you previously gave me answers to, will you
7    affirm under oath that each of them was truthful to the best of
8    your knowledge?
9           THE DEFENDANT:  Yes, your Honor.
10          THE COURT:  Okay.  I'd like to now turn to the plea
11   agreement that you signed which I've been provided the original
12   of.
13          Am I correct that you signed this six-page plea
14   agreement today?
15          THE DEFENDANT:  Yes, your Honor.
16          THE COURT:  Prior to signing it, did you read it?
17          THE DEFENDANT:  Yes, your Honor.
18          THE COURT:  Did you have an opportunity to discuss it
19   with your attorney before you signed it?
20          THE DEFENDANT:  Yes, your Honor.
21          THE COURT:  You did in fact discuss it with your
22   attorney, right?
23          THE DEFENDANT:  Yes, your Honor.
24          THE COURT:  Putting this agreement to one side,
25   separate and apart from the agreement, have any threats or

promises been made to you of any kind to make you plead guilty?

THE DEFENDANT: No, your Honor.

THE COURT: Is anyone forcing you to plead guilty?

THE DEFENDANT: No, your Honor.

THE COURT: Again, putting the agreement to one side, have any understandings or promises been made to you concerning the sentence that you will receive?

THE DEFENDANT: No, your Honor.

THE COURT: Is your plea voluntary, in other words, of your own free will?

THE DEFENDANT: Yes, your Honor.

THE COURT: Now I'm going to review certain portions of the plea agreement with you in addition to the ones I've already gone over.

In particular, what it states is that you've reached agreement with the government with respect to the appropriate calculation of your sentence under a part of our law known as the sentencing guidelines. And what the agreement states is that the stipulated guideline sentencing range is 21 to 27 months' imprisonment. Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: And the agreement also states that you and the government have agreed that the applicable fine range is between $10,000 and $95,000. Do you understand that?

THE DEFENDANT: Yes, your Honor.

1      THE COURT: Do you understand that neither the
2  probation office nor the Court is bound by the guideline
3  stipulations, and that the sentence to be imposed upon you will
4  be determined solely by the District Court?
5      THE DEFENDANT: Yes, your Honor.
6      THE COURT: In imposing its sentence upon you, the
7  District Court is obligated to calculate the applicable
8  sentencing guideline range in determining a sentence range,
9  including other sentencing factors that are set forth in Title
10 18, United States Code, Section 3553(a). Do you understand
11 that?
12     THE DEFENDANT: Yes, your Honor.
13     THE COURT: Do you understand you have agreed not to
14 file a direct appeal or otherwise challenge your conviction or
15 sentence if you are sentenced within or below the stipulated
16 guidelines range?
17     THE DEFENDANT: Yes, your Honor.
18     THE COURT: Do you understand you have also agreed to
19 waive your right to appeal any term of supervised release that
20 is less than or equal to the statutory maximum?
21     THE DEFENDANT: Yes, your Honor.
22     THE COURT: Do you understand that you have agreed to
23 waive your right to appeal any fine that is less than or equal
24 to $95,000?
25     THE DEFENDANT: Yes, your Honor.

1      THE COURT:  In light of the foregoing, how do you
2  plead?
3      THE DEFENDANT:  Guilty.
4      THE COURT:  Are you pleading guilty because you are in
5  fact guilty?
6      THE DEFENDANT:  Yes, your Honor.
7      THE COURT:  Do you understand that this plea agreement
8  does not bind any prosecuting office other than the United
9  States Attorney's Office for the Southern District of New York?
10     THE DEFENDANT:  Yes, your Honor.
11     THE COURT:  Do you understand that apart from any
12  proffer agreements that you may have entered into with the
13  government, this plea agreement takes the place of any prior
14  understanding you may have had with the government, and the
15  plea agreement cannot be modified except in a writing signed by
16  all parties?
17     THE DEFENDANT:  Yes, your Honor.
18     THE COURT:  Do you understand if your conviction
19  following your plea of guilty is vacated for any reason, then
20  the government is not time barred.  And if the cause of action
21  is not time barred as of the date of signing the agreement,
22  that the government can reinstate its prosecution against you?
23     THE DEFENDANT:  Yes, your Honor.
24     THE COURT:  Mr. Wright, did you commit the offense to
25  which you are pleading?

I9R3WRIP                          Plea

1                THE DEFENDANT:  Yes, your Honor.

2                THE COURT:  So please tell me in your own words what
3       you did.

4                THE DEFENDANT:  In December 2016, I was in business
5       with Craig Carton to sell concert tickets on the secondary
6       market.

7                From on or about October 2016, I was aware that Craig
8       Carton had been negotiating with Brigade Capital Management
9       (Brigade), and that some of those negotiations concerned an
10      investment Brigade was to make in the ticket inventory.

11               At the same time, I was aware that Craig Carton had
12      outstanding personal debts coming due, and that among these
13      debts were money that Craig Carton owed to me and others.

14               On or about December 21 through December 23, 2016, at
15      Craig Carton's instruction and with the purpose of satisfying
16      his debt to me and others, I arranged for transfers of over
17      $550,000 from a business account called Tier One which
18      contained funds received from Brigade to my accounts and to the
19      accounts of others.

20               At the time the Tier One accounts received the funds,
21      I was aware that there was a high probability that Craig Carton
22      had represented to Brigade that the funds it sent were to be
23      used exclusively for the purpose of purchasing concert tickets,
24      and I consciously avoided confirming that fact.

25               THE COURT:  Where were you when this conduct took

1   place?
2              MR. FUTERFAS:  Can I have a moment, your Honor.
3              (Defendant conferring with his counsel)
4              THE DEFENDANT:  New York City.
5              THE COURT:  On the island of Manhattan?
6              THE DEFENDANT:  Yes, your Honor.
7              THE COURT:  Is it fair to say that the scheme about
8   which you just testified or that you just stated involved the
9   use of false pretenses?
10             MR. FUTERFAS:  May I have a moment, your Honor.
11             (Defendant conferring with his counsel)
12             THE DEFENDANT:  I was aware of the high probability
13  that Craig Carton was not truthful with Brigade.
14             THE COURT:  At the time you committed the acts that
15  you just spoke about, were you aware that what you were doing
16  was wrong and against the law?
17             (Defendant conferring with his counsel)
18             THE DEFENDANT:  Yes, your Honor.
19             THE COURT:  Does the government have additional
20  questions that it would like me to put to the defendant?
21             MR. QUIGLEY:  No, your Honor.  We think that's a
22  sufficient allocution.  I would just proffer that among the
23  wires that were sent out were wires that went from the Southern
24  District of New York to New Jersey, and that would satisfy the
25  interstate element.

1                THE COURT: And the other thing I'd ask the
2     government, what evidence would you put forth if you went to
3     trial concerning the guilt of the defendant?
4                MR. QUIGLEY: Your Honor, we would put in e-mails and
5     text messages in which the defendant and Mr. Carton and others
6     discussed Mr. Carton's debts as the defendant alluded to. They
7     discussed this potential investment in the ticket industry.
8     And testimonial evidence from individuals who were owed debts
9     by those defendants, evidence regarding representations
10    Mr. Carton had made to his investors, and bank records showing
11    the misappropriation of investment funds.
12               THE COURT: Mr. Wright, in view of all of the
13    foregoing, do you still wish to plead guilty?
14               THE DEFENDANT: Yes, your Honor.
15               THE COURT: I'll ask defense counsel, are you aware of
16    any reason your client ought not plead guilty?
17               MR. FUTERFAS: No, your Honor.
18               THE COURT: The Court is satisfied, Mr. Wright, that
19    you understand the nature of the charges against you and the
20    consequences of your plea. The Court is also satisfied that
21    your plea is being made voluntarily and knowingly and that
22    there is a factual basis for it. Accordingly, I will recommend
23    to the District Court that your plea of guilty be accepted.
24               I assume the government will order a copy of the
25    transcript and will submit it together with any additional

1    paperwork so that Judge McMahon may act on my recommendation.
2               MR. QUIGLEY:  Yes, your Honor.
3               THE COURT:  I'll ask the government, will you deliver
4    the case summary for purposes of the presentence report to the
5    probation department within 14 days?
6               MR. QUIGLEY:  Yes, your Honor.
7               THE COURT:  And defense counsel, would you be
8    available to be interviewed by the probation department with
9    your client within 14 days?
10              MR. FUTERFAS:  Yes, your Honor.
11              THE COURT:  Has Judge McMahon set a date for
12   sentencing?
13              MR. QUIGLEY:  She has not, your Honor.  We'd ask for a
14   control date.  120 days we think is standard for a bailed
15   defendant.
16              THE COURT:  January 29, 2019, will be the control date
17   for the sentencing which I think is 120 days.
18              MR. QUIGLEY:  Thanks, your Honor.  Close enough.
19              THE COURT:  Or close enough.
20              Anything further from either side?
21              MR. FUTERFAS:  Nothing, your Honor.
22              MR. QUIGLEY:  No, your Honor.  Thank you.
23              THE COURT:  Thank you.  This matter is adjourned.
24              (Adjourned)
25